IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ASUNCION VEGA LORENZANA, et al, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9-09-cv-150 (TJW) |
| | § | |
| GULF COAST MARINE & ASSOCIATES, | § | |
| INC, et al, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Schlumberger Technology Corporation's ("Schlumberger"), Matthews Daniel Company's ("Matthews"), Gulf Coast Marine & Associates, Inc.'s ("Gulf Coast"), Glen Carter, and Halliburton Energy Services, Inc.'s ("Halliburton") (collectively, "Defendants") Rule 12(b)(6) Motions to Dismiss Plaintiffs' Third Amended Complaint for Failure to State a Claim (Dkt. Nos. 78, 71, 72, 73, and 81, respectively). In their motions, Defendants move the Court to dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 67) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Having considered the briefing of the parties and the applicable law, the Court GRANTS-in-part and DENIES-in part Defendants' motions for the reasons discussed below.

### I.    Factual Background

Plaintiffs filed suit on September 14, 2009. On September 14, 2009, Plaintiffs filed an Amended Complaint, which was the basis of a previous motion to dismiss for failure to state a claim brought by Schlumberger. *See* Dkt. No. 24. The Amended Complaint (Dkt. No. 3) asserted negligence, gross negligence, products liability, and wrongful death claims against

various defendants under general federal or international maritime law or, in the alternative, under Texas law or the relevant law of Mexico  In its motion to dismiss the Amended Complaint, Schlumberger argued that the Second Amended Complaint did not state a cognizable claim under the general maritime law of the United States because any claim was barred by the Jones Act. Schlumberger further argued that the Jones Act bared Plaintiffs' foreign and state law claims and, thus, that the entire Amended Complaint should be dismissed.  In an order dated September 20, 2010, the Court granted-in-part and denied-in-part the motions to dismiss the Second Amended Complaint.  *See* Dkt. No. 66.  In its order, the Court held that the Amended Complaint did not properly allege a claim under federal maritime law and dismissed Plaintiffs' claims under federal maritime law without prejudice.  *Id*. at 3-5.  The Court also held that the Jones Act did not bar Plaintiffs' claims under foreign law or international maritime law and declined to dismiss these claims.  *Id*. at 5-8.  Finally, the Court held that Plaintiffs' claims under Texas law were preempted by the Jones Act and, thus, were barred by 46 U.S.C.A. § 30105(b).  The Court, accordingly, dismissed Plaintiffs' state law claims with prejudice.  *Id*. at 8-9.

In accordance with the Court's order granting them leave to file an amended complaint, Plaintiffs filed their Second Amended Complaint on October 8, 2010 (Dkt. No. 67).  The Second Amended Complaint is the basis for the Defendants' current motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs' Second Amended Complaint makes the same factual allegations as the Amended Complaint and alleges claims for civil liability under the laws of Mexico, moral damages under the laws of Mexico, and Texas state law claims for negligence, gross negligence, and products liability.[1]

---

[1] Plaintiffs claim that they are reasserting there state law claims despite the Court's dismissal of those claims with prejudice in order to preserve error with respect to the Court's ruling that the state law claims were preempted by the

## II. Analysis

Defendants' motions to dismiss ask the Court to dismiss Plaintiffs' Texas law claims in the Second Amended Complaint based on the Court's ruling that state law claims are preempted by the Jones Act. However, Defendants' motions to dismiss also ask the Court to reverse its ruling that the Jones Act does not preempt foreign law claims and dismiss Plaintiffs' claims under Mexican law in the Second Amended Complaint. Similarly, Plaintiffs' response asks the Court to deny Defendants' request to dismiss the Mexican law claims based on the Court's previous ruling that foreign law claims are not preempted by the Jones Act but reconsider its ruling that state law claims are preempted by the Jones Act and, thus, barred. None of the parties makes any new legal arguments with regard to these issues not raised in the briefing of the motions to dismiss the Amended Complaint.

The Court dismissed Plaintiffs' claims under Texas law with prejudice in its order dated September 20, 2010 (Dkt. No. 67). Because Plaintiffs have provided no new legal or factual arguments supporting their state law claims, the Court will not reconsider its order dismissing those claims with prejudice. Accordingly, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 78, 71, 72, 73, and 81) with respect to Plaintiff's Texas law claims and dismisses Plaintiff's Texas law claims for negligence, gross negligence, and products liability in the Third Amended Complaint with prejudice for the reasons detailed in the Court's order dated September 20, 2010 (Dkt. No. 67).

The Court has also already ruled on the issue of whether the Jones Act preempts foreign law claims. Again, because the Defendants have offered no new arguments to support their contention that the Jones Act preempts foreign law claims and, thus, that Plaintiffs' claims under

Jones Act.

Mexican law are barred by 46 U.S.C.A. § 30105(b), the Court will not reconsider its ruling that foreign law claims are not preempted by the Jones Act. Consequently, the Court DENIES Defendants' motions to dismiss (Dkt. Nos. 78, 71, 72, 73, and 81) with respect to the claims under the laws of Mexico in the Third Amended Complaint for the reasons stated in the Court's order dated September 20, 2010 (Dkt. No. 67).

### III. Certain Defendants' Motions to Dismiss for Improper Venue

Defendants Matthews, Gulf Coast, and Glen Carter also move to dismiss Plaintiffs' Second Amended Complaint for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *See* Dkt. Nos. 71, 72, and 73 respectively. However, neither Matthews, Gulf Coast, nor Glen Carter provides any factual or legal argument or analysis to support their assertions that venue is improper in the Eastern District of Texas. Accordingly, the Court DENIES Matthews' motion to dismiss for improper venue (Dkt. No. 71), Gulf Coast's motion to dismiss for improper venue (Dkt. No. 72), and Glen Carter's motion to dismiss for improper venue (Dkt. No. 73).

### IV. Glen Carter's Motion to Dismiss for Lack of Personal Jurisdiction

Glen Carter also moves the Court to dismiss the claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. No. 73). The briefing on this issue by both sides, but especially by Plaintiffs, is scant. Plaintiffs argue simply that Carter has waived his right to challenge personal jurisdiction by failing to raise it in his initial pleading. However, Carter did contest personal jurisdiction in his original motion to dismiss in this case (Dkt. No. 39). Carter's original motion to dismiss was part of a larger motion to dismiss raising several issues, including venue issues, and the entire motion was denied without prejudice to refile

4

pending the Court's determination of the consolidated motion to dismiss for *forum non conveniens*. *See* Order dated September 15, 2010, Dkt. No. 63.

The parties submitted more substantial legal and factual arguments in their briefing of Carter's original motion to dismiss for lack of personal jurisdiction than in their briefing of Carter's current motion to dismiss for lack of personal jurisdiction. Accordingly, the Court will take judicial notice of the briefing, legal arguments, and undisputed facts filed with respect to Glen Carter's original motion to dismiss for personal jurisdiction (Dkt. Nos. 39, 41, and 42). In the context of judicial notice, the Fifth Circuit has previously held that "[a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 (5th Cir. 2010) (citing *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir.1983)). The Fifth Circuit has also held that "district courts have 'the right to take notice of [their] own files and records' in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases." *Id.* at 410-11 (citing *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (per curiam)). It is only reasonable, then, that the Court can also take judicial notice of the arguments and facts presented in an earlier filing in the same case.

**A. Legal Standard**

Before it may exercise personal jurisdiction over a nonresident defendant, a federal district court must "determine whether both the forum state's long-arm statute and federal due process permit the court to exercise personal jurisdiction." *Johnson v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). Texas' long-arm statute extends to the limits of due process. *Alpine View Co.*

*Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Therefore, a Texas district court must only perform the federal due process analysis. *Johnson*, 523 F.3d at 609 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process permits a federal court to exercise personal jurisdiction over a nonresident defendant only if a plaintiff proves: (1) that the nonresident defendant has "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state;" and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (quotations and citations omitted).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir.2001). Specific jurisdiction exists when the defendant's contacts "arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994). General personal jurisdiction, on the other hand, "will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both 'continuous and systematic.'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

"When a court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, as in this present case, . . . the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999). After the plaintiff makes this prima facie showing, then "jurisdiction exists unless defendant can

make a 'compelling case' that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)). A court assessing the reasonableness of jurisdiction will generally consider: "(1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interest of the several states." *Id.*

### B. Analysis

Carter argues that he does not have the requisite minimum contacts for the Court to exercise specific jurisdiction over him because: (1) he is a resident of Louisiana, not of Texas; (2) the events giving rise to this suit occurred in the territorial waters of Mexico, not in Texas; (3) the only contact Carter had with Texas was his flight out of Houston to Mexico; and (4) the alleged damages in the case did not arise out of Carter's activities in the State of Texas, but out of his activities in Mexico and Mexican territorial waters. Carter also argues that he does not have the systematic and continuous contacts required for general jurisdiction. Specifically, Carter argues that: (1) he has no purposeful contacts with Texas; (2) he does not own real property in Texas and does not have any bank accounts or other personal assets in Texas; (3) he does not conduct business on a regular basis in Texas; and (4) he has never signed a contract with a Texas company.

Plaintiffs do not appear to contest Carter's factual assertions, but instead argue that the Court has personal jurisdiction over Carter because he is an employee of Gulf Coast, which Plaintiffs assert is a Texas Corporation with its principal office in Lufkin, Texas. Carter counters, however, that Gulf Coast is a Louisiana corporation that does not have an office in Texas, and that Carter was an independent contractor, not an employee of Gulf Coast, at the time of the incident

7

that is the basis of this lawsuit. Furthermore, citing *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985), Carter argues that even if Gulf Coast was a Texas company and even if Carter was an employee of Gulf Coast at the time of the incident, the Court would still not have personal jurisdiction over him under the fiduciary-shield doctrine.

The fiduciary shield doctrine holds that an individual's transaction of business within a state solely as a corporate officer does not create personal jurisdiction over that individual, even though the state has personal jurisdiction over the corporation. *Spademan*, 772 F.2d at 1197. Thus, the general rule in the Fifth Circuit is that jurisdiction over an individual cannot be predicated on jurisdiction over a corporation. *Id*. This is because the fiduciary-shield which cloaks corporate agents and officers usually prevents a court from attributing actions made on behalf of the corporation to the agents or officers who performed them. *Id*. Courts have, however, recognized an exception to this rule when the corporation is the alter ego of the agent or when the agent perpetrates a fraud. *Spademan*, 772 F.2d at 1198 n. 12 (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir.1981)). Additionally, the Fifth Circuit holds that when officers or agents of a corporation direct purposeful, tortuous activity towards a particular forum, they are subject to personal jurisdiction in that forum because they should anticipate being haled into court in that form. *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547 (5th Cir. 1985) (defendant corporate officer accused of fraud had sufficient contacts as he engaged in correspondence with defendant's forum, phoned defendant, and visited forum to negotiate); *Brown v. Flowers Industries, Inc*., 688 F.2d 328, 333-34 (5th Cir.1982) (single defamatory phone call sufficient to create personal jurisdiction); *Union Carbide Corp. v.*

*UGI Corp.*, 731 F.2d 1186, 1189-90 (5th Cir.1984) (out-of-state acts giving rise to tortious injury in forum state enough to warrant personal jurisdiction).

In the present case, Plaintiffs have not argued that Carter was the alter ego of Gulf Coast or that Carter has perpetrated a fraud in Texas. In fact, Plaintiffs have not even argued or presented evidence that Carter had any contacts with Texas on behalf of Gulf Coast as an employee or independent contractor of Gulf Coast. Similarly, Plaintiffs have not alleged, much less made a prima facia showing, that Carter directed purposeful, tortuous activity towards Texas such that he should reasonably anticipate being haled into court here. Accordingly, the Court finds that Plaintiffs have not made a prima facia showing that the Court has personal jurisdiction over Carter.

Carter's motion to dismiss for lack of personal jurisdiction (Dkt. No. 73 at 4-6) is, therefore, GRANTED. It is FURTHER ORDERED that Glen Carter shall be dismissed from the case.

IT IS SO ORDERED.

SIGNED this 16th day of November, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE